[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13550
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00343-JSM-EAJ-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE PEARSON, JR.,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 14, 2014)

Before CARNES, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

George Pearson Jr., proceeding pro se, appeals the district court's denial of

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  He contends

that the Fair Sentencing Act (FSA) should be applied retroactively to reduce his sentence and that failing to do so would violate the Equal Protection Clause.

I.

Pearson pleaded guilty in 2003 to multiple offenses related to the possession and distribution of crack cocaine.  Because he had a prior felony drug conviction, the district court imposed the mandatory minimum sentence of twenty years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).  That sentence was greater than what the recommended guidelines range would have been had it applied.

In 2008, the United States Sentencing Commission promulgated Amendment 706, which lowered the base offense level for many crack cocaine offenses.  The district court sua sponte ordered the parties to address whether Pearson was eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), but it ultimately determined that he was not because his sentence was imposed pursuant to a mandatory statutory minimum, and Amendment 706 did not actually lower his guidelines range.  Pearson appealed that denial and his counsel filed a motion to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).  This Court granted counsel's motion to withdraw, finding "no arguable issue of merit" for appeal, and affirmed the district court's denial of the sentence reduction.  United States v. Pearson, 361 F. App'x 66 (11th Cir. 2010).

2

Pearson again sought a reduction in his sentence in 2010.  Proceeding pro se, he filed a § 3582(c)(2) motion to reduce his sentence based on the FSA, which reduced the amount of crack cocaine sufficient to trigger the mandatory statutory penalties under 21 U.S.C. § 841(b)(1)(A).  Pearson argued that the district court should retroactively apply the FSA to his sentence because failing to do so would violate the Equal Protection Clause.  The district court denied Pearson's motion, concluding that the FSA did not apply retroactively to crimes committed before it came into effect.  Pearson did not appeal.

Pearson's third attempt to have his sentence reduced, which is the basis of this appeal, came in June 2013, when he filed another § 3582(c)(2) motion.  In that motion, Pearson again argued for the retroactive application of the FSA to his sentence on equal protection grounds.  He cited Amendment 750 to the United States Sentencing Guidelines, which revised the crack cocaine quantity tables to implement the FSA's directives.  See U.S.S.G. App. C, amend. 750 (Nov. 2011).  And he asked the district court to "overlook" his mandatory minimum sentence and instead impose a sentence of 87 months based on what the guidelines range would have been if it had applied.  The district court denied the motion. It concluded that the FSA did not apply retroactively to Pearson's sentence, which was handed down in 2004, and that he was therefore not entitled to relief under

3

§ 3582(c)(2).  Pearson appealed, and the government responded with a motion for summary affirmance and a stay of the briefing schedule.

## II.

We review a district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion.  United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2008).  However, we apply de novo review to the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).  Because Pearson is proceeding pro se, we construe his pleadings liberally.  Webb, 565 F.3d at 792.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## III.

The sole argument advanced by Pearson on appeal is that the district court violated the Equal Protection Clause by refusing to apply the FSA retroactively to his sentence.  He notes that, of the 30,000 prisoners serving crack cocaine

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Firth Circuit handed down before October 1, 1981.

4

sentences, 17,000 of them are ineligible for a § 3582(c)(2) reduction because they are serving mandatory minimum or career offender sentences. Because some people perceived the pre-FSA version of 21 U.S.C. § 841(b)(1) to be racially discriminatory,[2] Pearson argues, the sentences imposed pursuant to it are unconstitutional and his sentence should be reduced under § 3582(c)(2). We reject Pearson's argument for several reasons.

Section 3582(c)(2) empowers a district court to modify a term of imprisonment only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Where a defendant such as Pearson is sentenced on the basis of a statutory minimum, and not the sentencing guidelines, "[t]he law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) (citing United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010)) (alteration in original). Furthermore, constitutional claims like the one at issue here are "extraneous resentencing issues" that a court lacks jurisdiction to address during a § 3582(c)(2) proceeding. United States v. Bravo, 203 F.3d 778, 782 (11th

---

[2] Section 841(b)(1) is the statute under which Pearson was sentenced. Before the passage of the FSA, there was a large disparity between the amount of crack cocaine and powder cocaine needed to trigger mandatory statutory penalties. See Dorsey v. United States, 132 S.Ct. 2321, 2327 (2012). In a 2002 report, the Sentencing Commission recommended reducing that sentencing disparity in part because of a "'widely-held perception'" that it disproportionately punished black offenders. Kimbrough v. United States, 552 U.S. 85, 98, 128 S.Ct. 558, 568 (2007).

Cir. 2000).  In short, a § 3582(c)(2) motion is not the proper procedural vehicle for Pearson's claim.  Such a constitutional challenge should be brought under 28 U.S.C. § 2255, see id., although the time for filing one has long since passed.

Second, this Court's precedent forecloses Pearson's argument that he is entitled to a sentence reduction on the ground that the FSA applies retroactively to a defendant serving a mandatory minimum sentence.  In United States v. Berry, we held that the FSA does not apply retroactively to sentences imposed before its 2010 effective date. 701 F.3d 374, 377 (11th Cir. 2012) ("We agree with every other circuit to address the issue that there is no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.") (alteration in original) (quotation marks omitted) (citing decisions); see also United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013) (holding that a defendant who had been sentenced to a pre-FSA statutory minimum was not eligible for a § 3582(c)(2) sentence reduction based on Amendment 750 because "the FSA does not apply retroactively to his 1996 sentence.").  Pearson was sentenced in 2004, which is six years before the FSA was enacted.

IV.

For these reasons, the government's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. The government's motion to stay the briefing schedule is DENIED as moot.